KILPATRICK TOWNSEND & STOCKTON LLP
Christopher T. Varas (Bar No. 257080)
cvaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

William M. Bryner (*pro hac vice* to be submitted )
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336 607 7300
Facsimile: 336 607 7500

Attorneys for Plaintiff
SANTA FE NATURAL TOBACCO COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

SANTA FE NATURAL TOBACCO COMPANY, INC.,

Plaintiff,

v.

THE SPIRIT D/B/A "NATURAL THE SPIRIT", EUN LEE, individually and d/b/a "NATURAL THE SPIRIT", AND CHRIS KIM, individually and d/b/a "NATURAL THE SPIRIT",

Defendants.

Civil Action No. 8:16-cv-1110

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**

**(2) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(a));**

**(3) FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 411(c), 501, *et seq.*);**

**(4) UNFAIR BUSINESS PRACTICE (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(5) COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff Santa Fe Natural Tobacco, Inc. ("SFNTC") brings this action against Defendants The Spirit d/b/a "Natural The Spirit" ("The Spirit"), Eun Lee ("Mr. Lee"), and Chris Kim ("Mr. Kim") for injunctive relief and damages.

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement and unfair competition and false designation of origin arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; for copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq.*; Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and trademark infringement and unfair competition arising under the common law of the State of California.

2. As more fully described below, without SFNTC's authorization and in connection with the promotion and sale of Defendants' electronic cigarette products, Defendants have used and continue to use trademarks that are colorable imitations of, and are confusingly similar to, SFNTC's federally registered NATURAL AMERICAN SPIRIT & design trademarks, and have utilized and continue to utilize artwork that constitutes unauthorized reproductions of SFNTC's copyrighted artwork. Specifically, the Defendants use the trademarks NATURAL THE SPIRIT, and a specific depiction of a Native American, in connection with the promotion and sale of their products. Examples of such use from Defendants' website located at www.thespiritusa.com are depicted here:



3. SFNTC has not authorized or permitted Defendants to use, copy of display its famous NATURAL AMERICAN SPIRIT trademarks or copyrighted artwork, or colorable or substantially similar imitations thereof, in connection with Defendants' products.

## THE PARTIES

4. Plaintiff SFNTC is a corporation organized and existing under the laws of New Mexico with its principal place of business in Santa Fe, New Mexico.

5. On information and belief, Defendant The Spirit is an unincorporated business with a principal place of business in La Habra, California.

6. On information and belief, Defendant Mr. Lee is a natural person who is a citizen of the state of California and resides in La Habra, California. On further information and belief, Mr. Lee, together with Defendant Mr. Kim, directs, controls, participates in, engages in, performs, authorizes, approves, ratifies, actively and knowingly causes, and is an active and conscious force behind the acts of The Spirit.

7. On information and belief, Defendant Mr. Kim is a natural person who is a citizen of the state of California and resides in La Habra, California. On further information and belief, Mr. Kim, together with Defendant Mr. Lee, directs, controls, participates in, engages in, performs, authorizes, approves, ratifies, actively and knowingly causes, and is an active and conscious force behind the acts of The Spirit.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a) because this suit arises under the federal Copyright Act and the federal Lanham Act. This court has supplemental jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

9. This court has personal jurisdiction over Defendants because, on information and belief, Defendants reside in the State of California, do business in this State, have engaged in acts or omissions within this State causing injury, and

have otherwise established contacts with this State making the exercise of personal jurisdiction proper.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

## FACTUAL ALLEGATIONS

11. The allegations of the foregoing paragraphs are repeladed and incorporated by reference as if fully set forth herein.

12. At all times material hereto, SFNTC has been, and currently is still, engaged in the business of manufacturing, distributing, marketing, advertising, offering for sale, and selling various types of tobacco products throughout the United States under multiple trademarks that SFNTC owns. SFNTC's well-known NATURAL AMERICAN SPIRIT & design trademarks (collectively the "NATURAL AMERICAN SPIRIT Marks") are registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") and are used in connection with the sale of cigarettes, smoking tobacco, and other products. A number of those registered marks, which are particularly pertinent to this action, are more fully described below.

### THE NATURAL AMERICAN SPIRIT Marks

13. Beginning at least as early as September 8, 1992, SFNTC adopted and began using the distinctive designation NATURAL AMERICAN SPIRIT in interstate commerce for the purpose of identifying and distinguishing SFNTC's tobacco products from the products of other manufacturers and distributors of tobacco. SFNTC has advertised, marketed, distributed, offered for sale, and sold its products under the NATURAL AMERICAN SPIRIT Marks continuously for over twenty years.

14. SFNTC owns the following U.S. Trademark Registrations (the "NATURAL AMERICAN SPIRIT Registrations") on the Principal Register of the United States Patent and Trademark Office:

a. Registration No. 2,581,724 of NATURAL AMERICAN SPIRIT & design on a blue background, issued on June 18, 2002, for use in connection with "smoking tobacco" in International Class 34 (the "'724 Registration). The '724 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '724 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "smoking tobacco."

b. Registration No. 2,581,727 for the trademark NATURAL AMERICAN SPIRIT & design on a burgundy background, issued on June 18, 2002 for use in connection with "cigarettes" (the "'727 Registration"). The '727 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '727 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

c. Registration No. 2,581,723 for the trademark NATURAL AMERICAN SPIRIT & design on a green background, issued on June 18, 2002 for use in connection with "cigarettes" (the "'723 Registration"). The '723 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '723 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

d. Registration No. 2,661,935 for the trademark NATURAL AMERICAN SPIRIT & design on an orange background, issued on December 17, 2002, for use in connection with "cigarettes" (the "'935 Registration"). The '935 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '935 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

e. Registration No. 2,620,468 for the trademark NATURAL AMERICAN SPIRIT & design on a black background, issued on September 17, 2002, for use in connection with "cigarettes" (the "'468 Registration"). The '468 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '468 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

f. Registration No. 2,620,467 for the trademark NATURAL AMERICAN SPIRIT & design on a brown background, issued on September 17, 2002, for use in connection with "cigarettes" (the "'467 Registration"). The '467 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '467 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

g. Registration No. 2,620,466 for the trademark NATURAL AMERICAN SPIRIT & design on a turquoise background, issued on September 17, 2002, for use in connection with "cigarettes" (the "'466 Registration"). The '466 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '466 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

h. Registration No. 2,620,465 for the trademark NATURAL AMERICAN SPIRIT & design on a yellow background, issued on September 17, 2002, for use in connection with "cigarettes" (the "'465 Registration"). The '465 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '465 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

i. Registration No. 2,578,127 for the trademark NATURAL AMERICAN SPIRIT & design on a celadon background, issued on June 11, 2002, for use in connection with "cigarettes" (the "'127 Registration"). The '127 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '127 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes."

j. Registration No. 2,692,958 for the trademark NATURAL AMERICAN SPIRIT, issued on March 4, 2003, for use in connection with "cigarettes, rolling tobacco" (the "'958 Registration"). The '958 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '958 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of SFNTC's ownership of said mark, and of SFNTC's exclusive right to use said mark in commerce in connection with "cigarettes, rolling tobacco."

k. Registration No. 4,194,788 for the trademark NATURAL AMERICAN SPIRIT & design on a red background, issued on August 21, 2012, for use in connection with "rolling tobacco."

l. Registration No. 4,194,786 for the trademark NATURAL AMERICAN SPIRIT & design on a light blue background, issued on August 21, 2012, for use in connection with "cigarettes, rolling tobacco."

m. Registration No. 4,194,785 for the trademark NATURAL AMERICAN SPIRIT & design on a green background, issued on August 21, 2012, for use in connection with "cigarettes, rolling tobacco."

n. Registration No. 4,194,784 for the trademark NATURAL AMERICAN SPIRIT & design on an orange background, issued on August 21, 2012, for use in connection with "cigarettes."

o. Registration No. 4,194,783 for the trademark NATURAL AMERICAN SPIRIT & design on a tan background, issued on August 21, 2012, for use in connection with "cigarettes."

p. Registration No. 4,198,629 for the trademark NATURAL AMERICAN SPIRIT & design on a navy background, issued on August 28, 2012, for use in connection with "cigarettes."

q. Registration No. 4,198,630 for the trademark NATURAL AMERICAN SPIRIT & design on a gray background, issued on August 28, 2012, for use in connection with "cigarettes."

r. Registration No. 4,811,596 for the trademark NATURAL AMERICAN SPIRIT & design, issued on September 15, 2015 for use in connection with "cigarettes."

True and accurate copies of the registration certificates for the NATURAL AMERICAN SPIRIT Registrations are attached hereto as **Exhibit A.**

**The Chief Artwork**

15. The Native American chief logo (the "Chief Logo") is a prominent element of the NATURAL AMERICAN SPIRIT Marks. The Chief Logo constitutes an original work of authorship fixed in a tangible medium of expression.

16. SFNTC owns by assignment a copyright registration for the Chief Logo, bearing Registration Number VA0000363481 with the United States Copyright Office. The effective date of registration for the copyright covering the Chief Logo is July 19, 1989. A true and accurate copy of the Certificate of Registration for the Chief Logo Registration is attached hereto as **Exhibit B**.

**Defendants' Unlawful Acts**

17. On information and belief, without SFNTC's authorization, Defendants have advertised and offered for sale products bearing the NATURAL AMERICAN SPIRIT Marks, or marks confusingly similar to the NATURAL AMERICAN SPIRIT Marks, and have reproduced the copyrighted Chief Logo.

18. Examples of Defendants' labeling and website promotional materials incorporating the NATURAL AMERICAN SPIRIT Marks, including the stylized font used in connection with many of the NATURAL AMERICAN SPIRIT Marks as well as the color combinations incorporated into the NATURAL AMERICAN SPIRIT Marks, appears below alongside an exemplar of SFNTC's own labeling and promotional branding:




Defendant's Unauthorized Use












SFNTC's Use

19. On information and belief, Defendants sell their electronic cigarette liquid (the "Infringing Product") on their website located at www.thespiritusa.com. On information and belief, the Infringing Product has been more widely distributed throughout the United States.

20. The chief logo appearing on the Infringing Products' labeling is merely a modernized version of SFNTC's well-known Chief Logo, for which SFNTC owns a valid and subsisting copyright registration.

21. SFNTC has not authorized or permitted Defendants to use the NATURAL AMERICAN SPIRIT Marks and reproductions of the Chief Logo artwork, or colorable imitations thereof.

**FIRST CLAIM FOR RELIEF**

**(Infringement of Federally Registered Trademarks under 15 U.S.C. § 1114)**

22. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

23. Defendants' unauthorized use of the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, in connection with the sale of Defendants' products is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such products. The consuming public is likely to believe, and some members of the public have actually believed, that Defendants' products are products authorized by SFNTC for sale under the NATURAL AMERICAN SPIRIT Marks, when such is not the case.

24. By their unauthorized use of colorable imitations of the NATURAL AMERICAN SPIRIT Marks in connection with the promotion and sale of their products, Defendants have infringed and continue to infringe the well-known, registered, and incontestable NATURAL AMERICAN SPIRIT Marks, as shown in the NATURAL AMERICAN SPIRIT Registrations, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Defendants' unauthorized use of the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, as alleged above, was intentionally done with a view and purpose of trading on and benefiting from the substantial reputation and goodwill in the United States associated with the NATURAL AMERICAN SPIRIT Marks.

26. Defendants' acts of trademark infringement, as alleged herein, have injured SFNTC in that SFNTC has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct. In addition,

Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

27. Defendants' trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to SFNTC's business, reputation, and goodwill, unless Defendants' unlawful conduct is enjoined by this Court.

28. SFNTC is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their infringing use of the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, in connection with the offering for sale and sale of Defendants' products, and the costs of this action.

29. Defendants' actions have been willful and deliberate, entitling SFNTC to recover treble damages and/or profits and an award of attorneys' fees against Defendants.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a))**

30. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

31. Defendants' unauthorized use of the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, in connection with the sale of their products constitutes unfair competition, false representation, and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is causing and, unless enjoined by this Court, will continue to cause confusion, to cause mistake, or to deceive purchasers and consumers as to the source, origin, or sponsorship of Defendants' products.

32. As a direct and proximate result of Defendants' unfair competition, false representation, and false designation of origin as herein alleged, SFNTC has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Defendants' unfair competition, false representation, and false designation of origin has caused and will continue to cause SFNTC to lose sales to which it would otherwise be entitled, unless such unlawful conduct is enjoined by this Court.

33. SFNTC is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their unauthorized use of the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, in connection with the offering for sale and sale of Defendants' products, and the costs of this action.

34. Defendants' actions have been willful and deliberate, entitling SFNTC to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

**THIRD CLAIM FOR RELIEF**

**(Copyright Infringement)**

35. The allegations of all the foregoing paragraphs are repleaded and incorporated by reference as if fully set forth herein.

36. Defendants had access to the Chief Logo artwork by virtue of the fact that the Chief Logo artwork has been in circulation among the public, and is well-known among consumers and competitors, including Defendants and the general public.

37. SFNTC did not authorize Defendants to reproduce the Chief Logo artwork, nor to display reproductions of the Chief Logo artwork, nor did SFNTC authorize Defendants to create any derivative works based on the Chief Logo artwork.

38. Upon information and belief, Defendants have knowingly and willfully reproduced, displayed, and offered for sale products bearing the Chief Logo artwork,

have reproduced or intend to reproduce the Chief Logo artwork, have created or intend to create derivative works based on the Chief Logo artwork, and have offered for sale and sold such reproductions and derivative works to the public, all in violation of the Copyright Act, 17 U.S.C. § 501.

39. SFNTC has been and will be injured as a direct and proximate result of Defendants' above-described activities. In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of its copyright infringement in that Defendants have achieved or will achieve sales and profits, and the opportunity to earn future profits, as a direct and proximate result of their unlawful conduct.

40. As a result of Defendants' acts of infringement alleged herein and in accordance with 17 U.S.C. § 504, SFNTC is entitled to recover from Defendants the damages it has sustained and will sustain, any profits obtained by Defendants, and/or statutory damages.

41. Pursuant to 17 U.S.C. § 502, SFNTC is entitled to injunctive relief to prevent Defendants from further copyright infringements of SFNTC's copyrighted Chief Logo artwork.

## FOURTH CLAIM FOR RELIEF

**(State Law Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

42. The allegations of all the foregoing paragraphs are repleaded and incorporated by reference as if fully set forth herein.

43. Defendants are making unauthorized commercial use of colorable imitations of the NATURAL AMERICAN SPIRIT Marks in a deliberate, willful, intentional and wrongful attempt to trade on SFNTC's goodwill, reputation, and financial investments in the registered NATURAL AMERICAN SPIRIT Marks. By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

44. As a direct result of Defendants' unfair competition with regard to the

NATURAL AMERICAN SPIRIT Marks, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage, and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of SFNTC.

45. Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of SFNTC's rights.

46. Defendants' illegal and unfair business practices are continuing, and SFNTC is entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition and Trademark Infringement)**

47. The allegations of all the foregoing paragraphs are repleaded and incorporated by reference as if fully set forth herein.

48. Defendants' acts constitute common law trademark infringement, trade dress infringement, and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of SFNTC unless restrained by this Court. SFNTC has no adequate remedy at law for this injury.

49. On information and belief, Defendants acted with full knowledge of SFNTC's use of and common law rights to the NATURAL AMERICAN SPIRIT Marks, and without regard to the likelihood of confusion of the public created by Defendants' activities.

50. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the NATURAL AMERICAN SPIRIT Marks, to the great and irreparable injury of SFNTC.

51. As a result of Defendants' acts, SFNTC has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, SFNTC is entitled to injunctive relief, to an accounting of Defendants' profits, to damages, and to costs.

52. In light of the deliberately fraudulent and malicious use of confusingly

similar imitations of the NATURAL AMERICAN SPIRIT Marks and the need to deter Defendants from similar conduct in the future, SFNTC additionally is entitled to punitive damages under Cal. Civ. Code § 3294(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendants, each of their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, be preliminarily and permanently enjoined from:

(a) using any trademark, service mark, or trade name including the term "SPIRIT," or any depiction of a Native American chief, or any other trademark, service mark, or trade name that is confusingly similar to any of SFNTC's marks or copyrighted works in connection with their businesses or products or services;

(b) imitating, copying, using, reproducing, displaying, creating derivative works of, or authorizing any third party to imitate, copy, use, reproduce, display, or create derivative works of the Chief Logo artwork , in any manner, medium, or form, and/or otherwise infringing SFNTC's copyrights in the Chief Logo artwork;

(c) otherwise infringing upon any of SFNTC's trademarks or copyrights, or engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception or misunderstanding as to the affiliation, connection, association of origin, sponsorship, or approval of Defendants' business, goods or services, with or by Plaintiff.

2. That Defendants, and those in concert or participation with them, be directed to deliver up to SFNTC, within five (5) days after entry of final judgment, or at such earlier time as the Court may order, all brochures, catalogs, packaging, labels, headers, tags, cards, drawings, designs, screens, films, plates, cylinders, masters, advertisements, promotional materials, displays, literature, websites, photographs,

and all other matter in its possession, custody, or control, incorporating, featuring, or bearing any reproductions, simulations, variations, colorable imitations, alterations, or mutilations of the Chief Logo artwork, or any materials that could be used to reproduce infringing material substantially similar thereto;

3. That Defendants be directed to file with the Court and serve upon SFNTC's counsel, within thirty (30) days after entry of final judgment, or at such earlier time as the Court may order, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above;

4. That Defendants be directed to any other such action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by SFNTC or related in any way to SFNTC or SFNTC's NATURAL AMERICAN SPIRIT Marks;

5. That SFNTC have and recover of Defendants such actual damages as SFNTC may prove at trial;

6. That SFNTC be awarded statutory damages pursuant to 17 U.S.C. § 504(c);

7. That Defendants be ordered to account for any and all profits obtained from their sale of Defendants' infringing products, and that any and all such profits be disgorged and awarded to SFNTC pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 504(b);

8. That any damages or profits to which SFNTC is entitled be trebled pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505;

9. That the costs of this action, including attorneys' fees for SFNTC's attorneys, be taxed against Defendants;

10. That SFNTC be awarded exemplary and punitive damages to deter any future willful infringement as the Court deems just and proper;

11. That SFNTC be awarded interest, including prejudgment interest, on the foregoing sums; and

12. That SFNTC be awarded such other and further relief as the Court may deem just and proper.

DATED: June 15, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Christopher T. Varas
CHRISTOPHER T. VARAS
*Kilpatrick Townsend & Stockton LLP*
Attorneys for Plaintiff
SANTA FE NATURAL TOBACCO COMPANY

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, SFNTC respectfully demands a trial by jury on all claims and issues so triable.

/s/ Christopher T. Varas
CHRISTOPHER T. VARAS
*Kilpatrick, Townsend & Stockton LLP*
Attorneys for Plaintiff
SANTA FE NATURAL TOBACCO COMPANY