JS-6

KILPATRICK TOWNSEND & STOCKTON LLP
Christopher T. Varas (Bar No. 257080)
cvaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

William M. Bryner (*pro hac vice* to be submitted )
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336 607 7300
Facsimile: 336 607 7500

Attorneys for Plaintiff
SANTA FE NATURAL TOBACCO COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

SANTA FE NATURAL TOBACCO COMPANY, INC.,

Plaintiff,

v.

THE SPIRIT D/B/A "NATURAL THE SPIRIT", EUN LEE, individually and d/b/a "NATURAL THE SPIRIT", AND CHRIS KIM, individually and d/b/a "NATURAL THE SPIRIT",

Defendants.

Case No. 8:16-cv-1110-JVS(JCGx)

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

Santa Fe Natural Tobacco Company, Inc. ("SFNTC") and Defendants (i) Eun Lee, individually and d/b/a "NATURAL THE SPIRIT," (ii) Chris Kim, individually and d/b/a "NATURAL THE SPIRIT," and (iii) The Spirit d/b/a "NATURAL THE

SPIRIT" (collectively, "Defendants"), have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. SFNTC is a corporation organized and existing under the laws of New Mexico with its principal place of business in Santa Fe, New Mexico.

2. SFNTC is engaged in the business of manufacturing, distributing, marketing, advertising, offering for sale, and selling various types of tobacco products throughout the United States. SFNTC is the owner of distinctive trademarks, including, but not limited to trademarks consisting of the words "NATURAL AMERICAN SPIRIT," alone and in conjunction with other words and designs, including depictions of a Native American chief (the "Chief Logo").

3. SFNTC, through its predecessors-in-interest and affiliates, has used the NATURAL AMERICAN SPIRIT trademarks continuously since as early as September 8, 1992 in connection with tobacco products, including, but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Santa Fe" will be used to refer collectively to SFNTC's predecessors-in-interest and/or to SFNTC's corporate affiliates who use the trademarks owned by SFNTC under authority from SFNTC.)

4. SFNTC has registered various versions of its NATURAL AMERICAN SPIRIT marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, *inter alia*, U.S. Trademark Registration Nos. 2,581,724; 2,581,727; 2,581,723; 2,661,935; 2,620,468; 2,620,467; 2,620,466; 2,620,465; 2,578,127; 2,692,958; 4,194,788; 4,194,786; 4,194,785; 4,194,784; 4,194,783; and 4,198,629. (For convenience, the marks shown in these registrations and their

common-law counterparts are collectively referred to hereinafter as the "NATURAL AMERICAN SPIRIT Marks").

5. Santa Fe has used depictions of a Native American Chief in advertising and on its packaging to promote its tobacco products (the "Chief Logo Artwork"). SFNTC is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the Chief Logo Artwork.

6. SFNTC owns by assignment a copyright registration for the Chief Logo, bearing Registration Number VA0000363481 with the United States Copyright Office. The effective date of registration for the copyright covering the Chief Logo is July 19, 1989.

7. As a result of many years of continuous use and promotion of the NATURAL AMERICAN SPIRIT Marks, SFNTC's NATURAL AMERICAN SPIRIT Marks have acquired a high degree of recognition throughout the United States as symbols of the highest quality of tobacco products. The public is uniquely aware of the NATURAL AMERICAN SPIRIT Marks, and identifies those marks with SFNTC. The NATURAL AMERICAN SPIRIT Marks are famous trademarks that are widely recognized by the general public as a designation of the source of SFNTC's goods.

8. Defendant Eun Lee ("Defendant Lee"), together with Defendant Chris Kim ("Defendant Kim") direct, control participate in, engage in, perform, authorize, approve, ratify, actively and knowingly cause, and are active and conscious forces behind the business activities of Defendant The Spirit /b/a "NATURAL THE SPIRIT."

9. Defendants operate and control the website located at THESPIRITUSA.COM ("Defendants' Website"), through which Defendants advertise, offer for sale, and sell natural tobacco products called "E-Liquid," "EJuice," or "Vape Juice" (collectively referred to hereinafter as "E-Liquid"), and other products associated with electronic cigarettes.

10. Defendants advertised, sold, and distributed products bearing the NATURAL AMERICAN SPIRIT Marks, or marks confusingly similar to the NATURAL AMERICAN SPIRIT Marks, and have reproduced the copyrighted Chief Logo.

11. On June 15, 2016, SFNTC commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleged claims for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; copyright infringement under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 411(c), 501, *et seq.*; unfair business practices arising under Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and trademark infringement and unfair business practices arising under the common law of the State of California.

12. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendants to SFNTC of a confidential amount of money.

13. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, this Court has subject matter jurisdiction over Santa Fe's claims against Defendants, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district. Defendants own and operate the website located at THESPIRITUSA.COM, which is an interactive website that is accessible by Internet users in this district and offers goods to residents of California. The infringing products that Defendants offer under the NATURAL AMERICAN SPIRIT Marks, or colorable imitations thereof, and made available through Defendants' Website to purchasers in the United States, are capable of being ordered, and have been ordered,

by purchasers in California, and are capable of being shipped, and have been shipped, to purchasers in California.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and their agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants or any of them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

a) using, advertising, promoting, displaying, or making any use whatsoever, in connection with the advertisement, promotion, or sale of tobacco, tobacco-related products, vapor products or vapor-related products, electronic cigarettes or products related to electronic cigarettes, liquid nicotine products, or flavored nicotine products, of (i) the designation "NATURAL AMERICAN SPIRIT," or any colorable imitation of the NATURAL AMERICAN SPIRIT Marks (including but not limited to NATURAL THE SPIRIT and THE SPIRIT); (ii) visual or graphic depictions of a Native American chief; and (iii) the following SFNTC trademarks or any colorable imitations thereof: RESPECT FOR THE EARTH; REAL. SIMPLE. DIFFERENT.; and IT'S ONLY NATURAL;

b) engaging in any other activity constituting an infringement of SFNTC's trademarks; and

c) using any false designàtion of origin or false representations which are likely to lead the trade, the public, or individuals to believe erroneously that Defendants, or any one of them, are in any way sponsored, approved, authorized, or controlled by Santa Fe.

2. Defendants shall pay to SFNTC the confidential amount of money agreed upon by the parties.

3. SFNTC and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel of their choice. SFNTC and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendants' obligations set forth in this Consent Judgment, SFNTC's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court may award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate SFNTC for such breach; as well as (b) injunctive relief enjoining any

further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the 16th day of September, 2016.

United States District Judge